

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY EDWARDS,

    *Petitioner*

vs.

ANTHONY J. BRIGANO,

    *Respondent*

NO. C-1-01-218
[Judge Beckwith]
[Magistrate Judge Novotny]

## OBJECTIONS ON BEHALF OF PETITIONER, LARRY EDWARDS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, Larry Edwards, through counsel, respectfully makes objection to the Report and Recommendation of the Magistrate Judge in this case. The Court is respectfully urged to reject the Report and Recommendation, to grant the writ, to reverse Petitioner's convictions and to remand to the state courts for further proceedings (e.g. a new trial). The Court has extended the time for filing these Objections until on or before December 18, 2003. Petitioner appends hereto a Memorandum in Support of his Objections.

1

Respectfully submitted,

*[signature]*

H. FRED HOEFLE        No. 1717

415 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202
(513) 241-2540; FX: (513) 421-3455

*Attorney for Petitioner*

# MEMORANDUM IN SUPPORT OF PETITIONER'S OBJECTIONS

## Procedural Background

The statement of the procedural background by the Magistrate Judge is accepted by Petitioner. Petitioner will follow the same organizational format as in the Report.

I.    **Petitioner is entitled to habeas corpus relief as the identification procedures employed by law enforcement were unconstitutional, contrary to due process, which he asserts in Ground I of his Petition.**

The statement of the law by the Magistrate Judge is correct. Counsel for Petitioner, however, believes, and continues to believe, that the provisions of 28 U.S.C. § 2254 (d) amount to an unconstitutional suspension of the writ in every case where they are employed as a basis for denying relief to a state-convicted habeas petitioner. The Magistrate Judge does succinctly summarize the case law interpreting this statute, and does so correctly.

2

The issue boils down to whether the legal determinations by the state court are (1) contrary to or involved an unreasonable interpretation of clearly established federal law as determined by the Supreme Court of the United States, and/or (2) are based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254 (d); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

Petitioner respectfully submits that it is the interpretation by the Magistrate Judge which is unreasonable, where the Magistrate Judge concludes "Placement of a defendant's photograph in the first position in and of itself does not make the spread unduly suggestive." Report, p. 10. It is to be recalled that this is not a six-photo spread on one page – it is a *sixty-six* (66) page photo array, and Petitioner's photo is the very first photo on the very first page.

In spite of this fact, the Magistrate Judge glibly concludes that "Someone's photograph has to be first, and in this case, it was petitioner's." *Id.* It is true that someone's picture has to be first, whether the witness is shown two photos or sixty six pages, each with multiple photos. But the officer who compiled the photo array was doubtless aware that Petitioner was at least a suspect. And that officer placed the photo of that suspect, Petitioner, in the very first position for a reason. Surely, it cannot reasonably be concluded, as the Magistrate Judge apparently has, that the placement of Petitioner's photo was the result of random selection, or mere chance.

And it was not be chance that the officer chose to exhibit a larger photo of Petitioner to the witnesses after they had made an initial selection from the 66 page spread. The Magistrate Judge finds no fault with this procedure either, ignoring the fact that the large photo is of the same person the witness had previously identified from a small photo. It is not surprising that, under these pregnant circumstances, the witness selected the same person from one large photo that he or she selected from a small photo, suggestively placed at the very beginning of a very large photo array.

Should the Court accept the reasoning of the Magistrate Judge, it will not be long before, in every photo array, the suspect's photo will be placed in the most suggestive location in the array, with this case being cited to the effect that there is no violation of due process because, after all, somebody's picture has to be in that location.

The Magistrate Judge concludes that "Ms. Johnson's identification was not certain because she testified that the robber was one of two persons she saw in the array, it was sufficiently reliable because of the extensive contact she had with the robber "(whose face was partly covered). Petitioner respectfully submits that any identification that is "not certain" is not "sufficiently reliable" to establish the identity of the perpetrator, especially considering the standard of proof in a criminal case is beyond a reasonable doubt. The fact that Johnson's identification "provided the most reliable evidence of the perpetrator's identity that was available under these

4

circumstances" is simply not enough to permit admission of that evidence, or to provide sufficient evidence of guilt. Especially considering the fact that, even after viewing the larger photograph, Johnson "did not unequivocally identify the petitioner as the perpetrator." The Magistrate Judge concludes that the procedure is not unduly suggestive as to Johnson, and cites as proof of this conclusion the fact that the identification was uncertain!

The fact that witness Baarlear's identification was apparently more reliable than Ms. Johnson's identification does not invest it with any more credibility, and does not change the fact that the identification procedures placing Petitioner's photo in the very first position amid hundreds of photographs, and then, after initial identification, providing a single, much larger, photo of Petitioner to the witness, do not pass muster under the Due Process Clause of the Fourteenth Amendment as being the product cause of the identification of Petitioner by the witnesses.

The Magistrate Judge has concluded that the identification procedures were not unconstitutionally suggestive because the witnesses were uncertain, i.e., unreliable.

Petitioner respectfully submits that the uncertainty proves the over suggestiveness of the procedures, requiring reversal of his convictions.

**II.   Petitioner has not waived his claim that he was denied his Sixth Amendment right to the effective assistance of appellate counsel, due to a purported procedural default in the state courts.**

The resolution of this claim, and, necessarily, the remaining grounds for relief, rests on the unjust and unconstitutional "principle" that although a defense attorney cannot be expected to raise his/her ineffectiveness, he/she can still be held to waive that issue by failing to do so.

Respondent defended against this claim (and the remaining claims of error raised in the Petition, which were not raised in the direct appellate process in the state courts) by asserting that, since the Application to Reopen Appeal under Ohio App. R. 26(B) was not filed within 90 days of the decision by the Ohio Court of Appeals in the first direct appeal, and since the Ohio courts rejected his appellate post conviction application to reopen appeal on timeliness grounds, all claims but the first have been procedurally defaulted, and are thus barred from relief. Respondent relies upon *Monzo v. Edwards*, 281 F. 3d 568 (6th Cir. 2002), which in turn relied upon the decision by the Supreme Court in *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587 (2000).

Respondent reasoned that, since issues of ineffective assistance of counsel must be raised at the first opportunity to do so, since the first opportunity to raise ineffectiveness of appellate counsel here was via a timely filed application to reopen appeal under App. R. 26(B), and since no such application was filed within 90 days

of the decision of the Court of Appeals affirming Petitioner's conviction on December 22, 1999, or by March 28, 2000, then any issues raised in a 26B application filed thereafter were procedurally defaulted. Respondent asserted that, since, with new counsel, the 26B application was filed June 21, 2001,[1] more than a year later, the new issues raised therein, which were not raised by the original appellate counsel, had been waived.

The position taken by Respondent is untenable. The Magistrate Judge, however, adopted it completely.

First, it should be noted that to bar a claim in federal court that was not raised in the state courts, on grounds of waiver or procedural default, the federal court must determine whether (1) the Petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review, and (4) whether, if the first three criteria are met, the Petitioner can demonstrate cause and prejudice for the default, *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).    It follows, therefore,

---

[1] The undersigned counsel, who filed the Application to Reopen Appeal on Petitioner's behalf, was not retained by Petitioner until March of 2001, by which time, under the decisions of the Ohio courts, the time for filing had long since expired.

that if cause and prejudice exist, the Petitioner is entitled to adjudication on his purportedly waived claims on their merits, even if the other criteria are established. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546. "In order for a state rule to serve as a procedural default, the court must answer the first three inquiries in the affirmative and the fourth in the negative," *Paris v. Turner*, 187 F.3d 637 (Table; Unreported, 6th Cir. No. 97-4129, 1999) (attached to Petitioner's Traverse).

Citing *Edwards v. Carpenter, supra*, Respondent reasons that, since the 26B application was untimely filed, then the ineffectiveness assistance was itself waived, and cannot constitute the basis for a finding of cause and/or prejudice.

But Respondent's position rests on the reasoning used by the state Court of Appeals in denying Petitioner's Rule 26B application. And that reasoning is faulty, for several reasons. The following analysis (through page 15) is taken from Petitioner's Traverse, which, it is submitted, remains valid after the Magistrate Judge's Report.

Under App. R. 26(B), an Appellant seeking to reopen his appeal to permit him to raise claims which were not included in his original appeal due to the ineffectiveness of his appellate counsel must file his Application to Reopen Appeal within 90 days of the decision of the Court of Appeals. He is given leave to file beyond that period if he can show good cause why the Application was not filed within time.

It is important to note that, under the Rule, the Appellant is not required to

demonstrate good cause for not filing between the 91st day and the date on which the Application is ultimately filed. The language of App. R. 26 places on the Appellant who files after 90 days from the judgment of affirmance *only* the burden of demonstrating good cause for not filing within that 90 days, as the Supreme Court of Ohio held in *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053: "Under App. R. 26(B)(2)(b) an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment'."(quoting the language of the rule itself).

It is true that in *State v. Fox* (1998), 83 Ohio St.3d 514, 700 N.E.2d 1253, the Court "specifically"rejected the suggestion by the Ohio Public Defender, who represented the unsuccessful appellant in that case, that "once an applicant has established good cause for filing more than ninety days after journalization [of the judgment of affirmance] . . . it does not matter when the application is filed." 83 Ohio St.3d at 516. But the facts in *Fox* are different from the facts in this case, and that difference requires a finding that Petitioner is entitled to a merits ruling on his Application to Reopen.

Here, good cause was shown because, throughout the entire 90 day period, and longer, Appellant was represented by the same attorney who represented him in the Court of Appeals. During that time, an appeal was pending in the Supreme Court, in

9

which his appellate counsel continued to represent him before that Court. As the Court acknowledged in *Fox*, and in *State v. Lentz* (1994), 70 Ohio St.3d 527, 639 N.E.2d 784, counsel cannot be expected to argue their own ineffectiveness. The situation is not the same as that in *Fox*, because in *Fox*, the same lawyers who filed the Application to Reopen had represented the appellant for years and had filed other proceedings, including post conviction proceedings in the trial court, prior to their filing the Application to Reopen Fox's appeal which asserted that prior counsel had provided ineffective representation in the initial appeal. Here, Appellant was not represented by any counsel, in any proceeding in this case, in the trial court or the Court of Appeals, between the journalization of the judgment of the denial of review by the Supreme Court of Ohio on April 19, 2000, and Petitioner's filing of his application to reopen his appeal.

In other cases as well, the Supreme Court of Ohio has not enforced the purported procedural bar for failure to file an Application to Reopen Appeal within the time provided by law, *State v. Palmer* (2001), 92 Ohio App.3d 241, 749 N.E.2d 749; *State v. Carter* (2001), 93 Ohio St.3d 581, 757 N.E.2d 362. Based upon these and other cases,[2] United States Magistrate Judge Merz of the Southern District of Ohio has

---

[2] See, *e.g.*, *State v. Hill*, 740 N.E.2d 282, 283 (2001); *State v. Sheppard*, 744 N.E.2d 770, 771; *State v. Bradley*, 747 N.E.2d 819 (2001); *State v. Hooks*, 748 N.E.2d 528.

concluded as recently as February 28, 2002, that "At the present, the timeliness requirement of Ohio App. R. 26(B) is not 'firmly established' and 'regularly followed' in the Ohio Supreme Court. It therefore is not an adequate and independent state ground." *Landrum v. Anderson*, United States District Court, Western Division at Dayton, Case No. C-1-96-641, Supplemental Memorandum on Petitioner's Motion for Reconsideration entered 2-28-2002, at P. 4 (attached). A state procedural rule is an adequate and independent state ground to foreclose federal relief if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981. But "the fact that a petitioner has not complied with a state procedural rule cannot bar federal review of constitutional claims if the state rule is not 'firmly established and regularly followed,'" *Mapes v. Coyle*, 171 F.3d 408, 421 (6th Cir. 1999), cert. den. __ U.S. __, 120 S.Ct. 369 (1999) (citations omitted),

Judge Merz considered the decision in *Monzo*, relied upon by Respondent here, and refused to apply it in *Landrum*, where the Application to Reopen Appeal was filed almost ten years after the 90 day period expired. Judge Merz did note that the Supreme Court of Ohio apparently enforces the time bar provision of the Rule in non-capital cases more consistently than in capital cases, but the Rule does not distinguish between capital murder cases and other criminal cases. For the state courts to apply a more stringent time limitation to Petitioner would violate his right to Equal Protection and

11

Due Process under the Fourteenth Amendment, as well as Due Process under the Fifth Amendment should the federal courts apply that stringent time limitation.

In addition to the fact that the procedural bar asserted by Respondent is not enforceable, the ruling of the Court of Appeals that Petitioner was not entitled to the assistance of counsel in timely filing his Application to Reopen is, simply, incorrect.

A state criminal defendant is entitled to the assistance of counsel in the prosecution of his appeal, and that includes an application to reopen appeal under App. R. 26(B), *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000). The Sixth Circuit has thus flatly rejected the reasoning of the Ohio Court of Appeals rejecting Petitioner's application to reopen. It must be noted that, *during the entire 90 day period* in which the 26B application could have been timely filed, Petitioner was represented by counsel, Ms. Randman, who, having represented Petitioner on the direct appeal to the Court of Appeals, prosecuted a further appeal to the Supreme Court of Ohio. On the date that the time to file the application in timely fashion expired, the appeal was still pending in the Supreme Court of Ohio. Ms. Randman's representation of Petitioner thus continued until the Supreme Court denied review on April 19, 2000, a full month *after* the time to file the 26 B had expired.

"Without question, an attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards

12

of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards," *White v. Schotten, supra,* 201 F.3d at 752. And the Sixth Circuit specifically held in that case that the constitutional obligation of appellate counsel to her client extends to all stages of the case, including 26B applications. The failure of appellate counsel to abide by the time requirements "excuses the failure of the petitioner to abide by the timing requirements of applicable procedural rules," *Id.,* 201 F.3d at 753. In other words, "petitioner has shown cause for his default, . . ." *Id.*

Respondent relies upon the decision of the Court of Appeals refusing to excuse the more than one year delay in filing the 26B application because after the decision of the Ohio Supreme Court not to review his case, Petitioner was not represented by counsel for more than one year. The court stated, citing Ohio Supreme Court authority, that since one is not entitled to counsel to file a 26B application, and since ignorance of the law cannot justify Petitioner's failure to recognize that his appellate counsel had failed to raise viable issues in his direct appeal, he is not entitled to claim that he has shown good cause for failing to file within time.

Of course, it has been demonstrated that Petitioner *was* represented by counsel during the time the 26B application could have been timely filed. But the Sixth Circuit also held in *White v. Schotten* that the 26B proceedings are part of the direct appellate process, and that defendants are entitled to counsel during such proceedings, 201 F.3d

at 752-753. The conclusion to the contrary by the Ohio courts, adopted by Respondent, is, simply, incorrect.

The Ohio court also rejected Petitioner's plaintive plea that he is ignorant of the law and was not properly advised by his appellate counsel of his rights under App. R. 26B. In his affidavit in support thereof, he stated, inter alia:

> 9. Affiant is not educated in the law, and was unaware that there were arguably meritorious issues present in his case which were not raised in his appeals to the Court of Appeals and to the Supreme Court of Ohio; Affiant did not become aware of the issues until he was so advised by present counsel in April, 2001, after his present counsel first obtained a copy of the brief filed on his behalf in the Court of Appeals, and had reviewed the trial transcript.
>
> 10. Attorney Randman never advised Affiant of the viability of the following issues: (a)the improper admission of evidence of a "crime" wave involving similar robberies, describing robbers and a "getaway car" similar to those testified to in Affiant's case; (2) the "crime wave" evidence consisted of inadmissible hearsay testimony; (3) ineffective assistance of counsel in that counsel failed to object to inadmissible hearsay and emphasized to the jury that Appellant was in "jailhouse blues," i.e., amounting to an admission that Appellant was incarcerated; (4) the erroneous denial by the trial court of a defense objection to discriminatory jury selection by the state; (5) there was insufficient evidence to support the convictions (as opposed to weight of the evidence); (6) that the judgment/sentence entry did not contain a statement of the plea that had been entered, thus depriving the Court of Appeals of jurisdiction to determine the appeal; and (7) wrongful exclusion of testimony by a defense alibi witness as to a statement made by Appellant when leaving her presence.
>
> 11. Had his appellate counsel advised Affiant of the presence and viability of the issues stated in ¶ 10 hereof, Affiant would have insisted

that appellate counsel include those issues in his initial direct appeal, and, if not so advised until after the decision, Affiant would have requested his appellate counsel to file a motion under App. R. 26(B) so that the issues could be presented to the Court of Appeals for a decision on their merit.

Petitioner's attorney failed to advise him of issues that should have been raised, but were not; she failed to advise him of the mechanism provided by App. R. 26(B) to raise those issues as part of his direct appeal. His "attorney also failed to communicate with [her] client how to proceed with further appeals. The United States Supreme Court has held that ineffective assistance of counsel constitutes cause for procedural default, *Murray v. Carrier*, 477 U.S. 478, 488 [106 S.Ct. 2639] (1986). We have no difficulty in finding that [counsel] provided ineffective assistance of counsel as defined under *Strickland v. Washington*, 466 U.S. 668 (1984)." *Paris v. Turner, supra.*

The failure to timely file the 26B application in this case cannot constitute a procedural default because it is not consistently applied in Ohio, as concluded by Judge Merz in *Landrum v. Anderson, supra*; even if it is a procedural bar, Petitioner is entitled to relief therefrom and a decision on the merits of all of his claims, because the ineffective assistance of his appellate attorney in failing to file the 26B application within time, or at least to advise Petitioner of the omitted issues and the 26B mechanism to obtain a merits decision with respect thereto, constitutes ineffective assistance sufficient to amount to cause that will excuse the procedural default, *Murray*

v. *Carrier, supra; White v. Schotten, supra; Paris v. Turner, supra.* The prejudice to Petitioner's rights are demonstrated by the argument on the merits of the omitted claims herein.

The foregoing analysis is taken from Petitioner's Traverse, and has been rejected by the Magistrate Judge. The Magistrate Judge places great weight on the holding of the Ohio Court of Appeals that the procedural default was due to the delay of more than one year after the Supreme Court of Ohio denied his appeal before Petitioner filed his application to reopen the appeal. Report, p. 16.

As stated earlier, the procedural rule under which such a claim is raised only provides that the appellant only show good cause for not filing the Rule 26(B) application within the 90 day period established by the Rule. As recognized by the Magistrate Judge, the Ohio Court of Appeals, found that Petitioner's failure to file within the 90 days was excused: "In the instant case, the Ohio Court of Appeals ruled that Ms. Randman was not expected to argue her own ineffectiveness and as such, petitioner's delay in filing while she was representing him was in fact excused." Report, p. 16.

The record thus reflects that Ms. Randman was representing Petitioner for more

than 90 days following the decision of the Court of Appeals. The time for filing the 26(B) application expired while the appeal to the Supreme Court of Ohio was pending. Since the state court found that the late filing was excused, and since the Rule says nothing whatever about how long a delay is excusable, Petitioner should have no burden. There is no time limit after the initial time limit has expired. Since Petitioner was found by the Ohio Court of Appeals to have been excused from filing, that should have ended the matter, and the length of time it took him to finally file is irrelevant under the Rule.

The Magistrate finds that, since Ms. Randman's representation ceased when the Ohio Supreme Court rejected the appeal, she "therefore can not be considered deficient for failing to file an application at that point in time." Report, p. 17.

However, Ms. Randman did not file within the 90 day period. The Respondent concludes that the ineffective counsel issue was *itself* waived, by Ms. Randman (for failing to file within the 90 day period), or by Petitioner himself, because he did not raise it earlier (between expiration of the 90 day period and the time he obtained new counsel and filed the 26(B) application, over a year after the expiration of the 90 days).

It is thus maintained that, even if Ms. Randman was ineffective, and even though she cannot be expected to claim her own ineffectiveness, she nevertheless waived the issue of her own ineffectiveness because she failed to file. See Report, p. 20 (in the

17

discussion under Part III, but equally applicable - though incorrect -- to the part under discussion here, Part II). It is argued (and was apparently held by the Magistrate Judge) that, *although a defense attorney cannot be expected to raise his/her ineffectiveness, he/she can still be held to waive that issue by failing to do so!*

And therein lies the flaw in the reasoning of Respondent, and in the decision of the Magistrate Judge.

### III. Petitioner has not waived grounds three through seven due to a purported procedural default in state court.

The Magistrate Judge briefly dismisses the remaining grounds by relying upon the purported waiver discussed, and hopefully refuted, in Part II, above. The fact that Ms. Randman cannot be expected to argue her own ineffectiveness does not mean that she was effective. The fact that Ms. Randman did not timely file an application to reopen Petitioner's direct appeal does not mean that her failure to do so was not ineffective assistance of counsel. It was. The failure to raise the issues raised here as Grounds three through seven does constitute a prejudicial constitutional violation. These grounds cannot and should not be disposed of summarily because of a (nonexistent) procedural default purportedly attributable to Petitioner.

# CONCLUSION

For the reasons stated, the Court is respectfully urged to grant Petitioner's Objections, and to remand to the Magistrate Judge for resolution of all of Petitioner's claims and grounds for relief on their merits.

> H. FRED HOEFLE       No. 1717

415 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202
(513) 241-2540; FX: (513) 421-3455

*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this brief was served upon opposing counsel, M. Scott Criss, Assistant Ohio Attorney General on the 8th day of December, 2003, by regular U.S. Mail addressed to Mr. Criss at his office, 16th Floor, 150 East Gay Street, Columbus, OH 43215.

> H. FRED HOEFLE
> *Attorney for Petitioner*