UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY EDWARDS,

        Petitioner,         Case No. C-1-01-218

  v.                             Judge Beckwith

ANTHONY BRIGANO,        Magistrate Judge Novotny

        Respondent.

**RESPONDENT'S RESPONSE TO PETITIONER'S OBJECTIONS**

On November 3, 2003, Magistrate Judge Novotny issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus be denied. Petitioner ("Edwards") has filed objections. Respondent urges this Court to overrule Edwards' objections and to adopt the Report and Recommendation because it was correct in all respects. Respondent submits this response in order to address one of the arguments presented in Edwards' objections.

The Magistrate found that the claim raised in Edwards' second ground for relief, ineffective assistance of appellate counsel, was procedurally defaulted because the state court dismissed his Rule 26(B) Application as untimely and found that he had failed to show good cause for the untimely filing. (In Ohio, claims of ineffective assistance of appellate counsel are raised in a Rule 26(B) Application. Ohio App. R. 26(B)(1) requires that the Application must be filed within 90 days of the journalization of the appellate judgment unless the applicant shows good

cause for a later filing.) The Magistrate further found that the claims raised in grounds three through seven were procedurally defaulted based on Edwards' failure to present them to the state court and that ineffective assistance of appellate counsel could not constitute cause for the procedural default because the ineffective assistance of appellate counsel claim itself was procedurally defaulted (due to Edwards' failure to file a timely Rule 26[B] Application or to demonstrate good cause for the untimely filing). See Edwards v. Carpenter, 529 U.S. 446 (2000).

In reaching her conclusions, the Magistrate relied on Monzo v. Edwards, 281 F.2d 568 (6th Cir. 2002), in which the court ruled that Ohio Rule 26(B) is an adequate and independent state procedural bar which forecloses federal habeas review of constitutional claims presented in that action if the Rule 26(B) Application is dismissed by the state court as untimely. "Petitioner's ineffective assistance of appellate counsel claim was raised in his motion to reopen the appeal, and the state court clearly applied the time limitation in Rule 26(B) to bar consideration of this claim on the merits. * * * Thus, we find that the state courts relied on an adequate and independent state procedural ground to foreclose review of petitioner's Murnahan claim."[1] Monzo, at 577-8.

---

[1] In Ohio, claims of ineffective assistance of appellate counsel are frequently referred to as "Murnahan" claims. In State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), n.6, the Court recommended that a rule be created to establish a procedure in which defendants can assert claims of ineffective assistance of appellate counsel. Ohio Rule 26(B) was subsequently enacted in 1993.

In his objections, Edwards disagrees with the Magistrate and argues that the denial of a Rule 26(B) Application as untimely is not an adequate and independent remedy to foreclose federal habeas review. As support for his argument, he cites Magistrate Judge Merz' 2002 Memorandum in <u>Landrum v. Anderson</u>, Case No. C-1-96-641, in which Magistrate Judge Merz found that Rule 26(B) is not an adequate and independent remedy in death penalty cases because the Ohio Supreme Court does not enforce Rule 26(B)'s timeliness requirement in capital cases.[2]

Magistrate Judge Merz' Memorandum is not controlling here. First of all, a federal magistrate cannot overrule a published Sixth Circuit decision. Second, Magistrate Merz' Memorandum is not relevant to the instant case. <u>Landrum</u> concerned the application of Rule 26(B) in capital cases. Magistrate Judge Merz expressly distinguished <u>Landrum</u> from <u>Monzo</u>, noting that <u>Monzo</u> was not a capital case. Magistrate Judge Merz specifically concluded that Ohio Appellate Rule 26(B) is not presently firmly established and regularly followed in Ohio *capital* cases. <u>Landrum</u>, third paragraph from the end, emphasis added.

Like <u>Monzo</u>, the instant case is not a capital case. Therefore, the decision in <u>Monzo v. Edwards</u> controls the outcome of this case. In <u>Monzo</u> the Sixth Circuit expressly held that Ohio Rule 26(B) is an

---

[2] In Edwards' Objections, he indicates that the <u>Landrum</u> Memorandum is attached. The Memorandum was not attached to Respondent's copy. Respondent notes that it was attached to Edwards' Traverse, however.

adequate and independent state procedural bar, which forecloses federal habeas review of constitutional claims presented in that action if the Rule 26(B) application is dismissed by the state court as untimely. In the instant case, the state court dismissed Edwards' Rule 26(B) application as untimely. That ruling represents an adequate and independent procedural bar which forecloses federal habeas review of the constitutional claim presented in the action. Therefore, Magistrate Judge Novotny was correct in concluding that Edwards' ineffective assistance of appellate counsel claim is procedurally defaulted.

## **CONCLUSION**

Edwards' objections should be overruled, and Magistrate Judge Novotny's Report and Recommendation should be adopted by this Court.

Respectfully submitted,

Jim Petro
Ohio Attorney General


S/Diane Mallory
Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to H. Fred Hoefle, Attorney for Petitioner, 415 Provident Bank Building, 632 Vine Street, Cincinnati, Ohio 45202, on the 16th day of December, 2003.

S/Diane Mallory