```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

Larry J. Edwards,              )
                               )
            Petitioner,        )   Case No. C-1-01-218
                               )
    vs.                        )
                               )
Anthony Brigano,               )
                               )
            Respondent.        )

Order Adopting Report and Recommendation

On November 3, 2003, United States Magistrate Judge Susan M. Novotny issued a Report and Recommendation. The Magistrate Judge recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied with prejudice. This matter is before the Court upon Petitioner's objections, which depend upon Petitioner's contention that the Magistrate Judge erred in her conclusion that Ohio Appellate Rule 26(B) is an adequate and independent state procedural ground to foreclose Petitioner's claim of ineffective assistance of counsel.

While Petitioner contends, relying extensively upon an inapposite decision by United States Magistrate Judge Michael R. Merz in a capital habeas corpus proceeding, that Rule 26(B) is not an adequate and independent state ground, the United States Court of Appeals for the Sixth Circuit has reached the opposite conclusion. See Monzo v. Fletcher, 281 F.3d 568, 578 (6th Cir. 2002). Magistrate Judge Merz distinguished Monzo on the ground that it was, like this action, a non-capital case. Petitioner

contends, without support, that such a distinction constitutes a violation of his rights under the Fourteenth and Fifth Amendments to the United States Constitution. The Court considers itself constrained by <u>Monzo</u>, <u>supra</u>, and further concludes that, because Rule 26(B) is an adequate and independent state ground for foreclosing Petitioner's ineffective assistance of counsel claim, his objections to the Report and Recommendation are not well-taken.

For those reasons, the Court hereby **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation *in toto*. Petitioner's petition for writ of habeas corpus is hereby **DENIED** with prejudice. The Court hereby **CERTIFIES** the appealability of the dismissal of grounds two through seven of the petition because "jurists of reason would find it debatable whether this Court is correct in its procedural rulings" that these claims have been waived and whether the second through seventh grounds constitute viable constitutional claims. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). A certificate of appealability shall not issue with respect to the dismissal on the merits of Petitioner's claim for relief alleged as ground one of the petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding. <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether the claim alleged as ground one should have been resolved in a different manner or that the issue

presented was "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, ___ U.S. ___, 123 S.Ct. 1029, 1034, 1039-40 (2003)(quoting Slack, 529 U.S. at 483-840)(in turn quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would be taken in good faith and therefore **GRANTS** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). This action is **CLOSED**.

    **IT IS SO ORDERED.**

                                               /s/
                                   Sandra S. Beckwith
                                   United States District Judge