<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 04-3090

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

FEB 0 2 2006

**LEONARD GREEN, Clerk**

LARRY J. EDWARDS,                    )
                                      )
    Petitioner-Appellant,          )
                                      )      ON APPEAL FROM THE
v.                                    )      UNITED STATES DISTRICT
                                      )      COURT FOR THE SOUTHERN
ANTHONY BRIGANO, Warden,             )      DISTRICT OF OHIO
                                      )
    Respondent-Appellee.           )

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-00218

<u>O R D E R</u>

Before: MARTIN, NORRIS, and DAUGHTREY, Circuit Judges.

    Larry J. Edwards, an Ohio prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    After a jury trial, Edwards was convicted of one count of aggravated robbery, two counts of robbery, one count of felonious assault, two counts of kidnapping, and one count of having weapons while under a disability. The trial court sentenced him to twenty-two years in prison. He unsuccessfully sought relief via direct appeal, then filed an application to reopen his appeal, which the state court of appeals denied as untimely. He appealed to the Ohio Supreme Court, which dismissed the appeal as not involving any substantial constitutional question. Edwards filed a federal habeas corpus petition alleging that 1) his convictions resulted from the use of an improperly

suggestive identification procedure, 2) his appellate counsel rendered ineffective assistance, 3) Edwards was denied a fair trial by the improper admission of hearsay, 4) the trial court improperly limited the cross-examination of a witness by defense counsel, 5) the prosecution improperly used a peremptory challenge based upon a prospective juror's race, 6) trial counsel rendered ineffective assistance, and 7) the trial court improperly imposed separate convictions for kidnapping and aggravated robbery. Over Edwards's objections, the district court adopted the magistrate judge's report and recommendation *in toto* and denied the petition with prejudice. The district court did, however, certify issues two through seven for appeal. This court certified the remaining issue.

We review de novo a district court judgment dismissing a petition for a writ of habeas corpus. *Carter v. Sowders*, 5 F.3d 975, 978 (6th Cir. 1993). A district court should not grant a habeas petition on any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that 1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). A state-court decision on the merits is contrary to clearly established Supreme Court precedent only if the reasoning or the result of the decision contradicts that precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). To violate the unreasonable-application clause, the state-court application of that precedent must have been "objectively unreasonable," not simply erroneous or incorrect. *Williams v. Taylor*, 529 U.S. 362, 409-11 (2000).

The first claim is that Edwards's convictions resulted from the use of an improperly suggestive identification procedure. "A conviction based on identification testimony following pretrial identification violates the defendant's constitutional right to due process whenever the pretrial identification procedure is so 'impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " *Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). However, an identification is admissible if reliable, even if it is obtained through suggestive means. *Neil v. Biggers*, 409 U.S. 188, 196-97 (1972). In determining whether an identification is admissible, we follow a two-step

analysis. We first consider whether the procedure was unduly suggestive. *Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001); *Ledbetter v. Edwards*, 35 F.3d 1062, 1070-71 (6th Cir. 1994). We must decide if the procedure itself steered the witness to one suspect or another, independent of the witness's honest recollection. *Wilson*, 250 F.3d at 397. "The defendant bears the burden of proving this element." *Ledbetter*, 35 F.3d at 1071. If the procedure was suggestive, we then determine whether, under the totality of the circumstances, the identification was nonetheless reliable and therefore admissible. *Wilson*, 250 F.3d at 397; *Ledbetter*, 35 F.3d at 1071.

It is unnecessary to reach the second step because, as to the first, the district court's denial of the claim was proper. It is true that Edwards's photograph was the first one on the first page of the photo array, but as the district court noted, someone's photograph has to be first. The district court correctly determined that placing the defendant's photo first does not, in and of itself, render the procedure unduly suggestive. That it was not unduly suggestive in this particular case is indicated by these facts: (a) Witness Johnson did not make a positive identification from the photo array. Instead, she chose four possible photos, then picked out two as more likely, one of which was Edwards's (on page one), but the other of which was on page five. (b) Witness Baarlaer initially considered a photo on page six as a possibility. And (c) Witness Smith did not identify anyone from the photo array.

Edwards also argues that the procedure was unduly suggestive because, after seeing the photo array, Johnson and Baarlaer were shown an enlarged picture of Edwards. This was not unduly suggestive because, as the district court pointed out, they were shown this photo only after they made the initial identification. This conclusion is bolstered by the fact that, after seeing the enlarged photo, Johnson felt more certain that Edwards was the perpetrator, but still did not unequivocally identify him.

In sum, Edwards has not satisfied his burden of proving that either the photo array or the enlarged photo was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The state-court conclusion to this effect was neither contrary to, nor

an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

The district court properly held that the second claim (appellate ineffectiveness) is procedurally barred. Normally, federal courts are barred from hearing claims that were procedurally defaulted in state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). When analyzing whether a default occurred, federal courts in this circuit ask 1) whether there is a state procedural rule applicable to the claim and whether the petitioner failed to follow this rule, 2) whether the state courts actually enforced the rule, and 3) whether that rule is an adequate and independent state ground to foreclose federal relief. *White v. Schotten*, 201 F.3d 743, 749 (6th Cir. 2000), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc). Even if all three questions are answered in the affirmative, the default is excused if the petitioner demonstrates (a) cause for the default and prejudice flowing therefrom or (b) that failure to consider the claim will result in a fundamental miscarriage of justice. *See id.; Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The requirements for deferring to a state procedural bar are satisfied. Edwards first presented this claim to the state courts in an application to reopen his direct appeal pursuant to Ohio R. App. P. 26(B). The state court of appeals denied the application as untimely, and the Ohio Supreme Court dismissed the appeal. That last judgment was unexplained and, therefore, must be looked through. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The court-of-appeals decision explicitly invoked a state procedural bar, Rule 26(B). The time provisions of Rule 26(B) obviously apply to an application for relief under that rule, and Edwards did fail to follow the rule since he filed his application more than one year late. Hence, the first two requirements are satisfied.

Although Edwards argues to the contrary, the rule is also an adequate and independent state ground to foreclose federal relief. *See Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002). Citing *Landrum v. Anderson*, No. C-1-96-641 (S.D. Ohio Feb. 28, 2002) (Merz, Mag. J.) (unpublished) — a magistrate judge's supplement to an earlier report and recommendation — Edwards argues that the rule is not adequate and independent, because it is not firmly established and regularly followed. Even assuming that *Landrum* has persuasive authority, however, it is simply not

on point. It distinguished capital cases, like Landrum's, from noncapital cases, like *Monzo*, and held that, in the former, the rule had not been regularly followed by the Ohio Supreme Court in 2001. *Landrum* specifically noted that, in noncapital cases, Ohio courts were regularly following Rule 26(B). Edwards is not under sentence of death. Hence, as to him, *Monzo* is not only controlling authority, but nondistinguishable controlling authority.

Edwards argues cause and prejudice, but unsuccessfully. He maintains that he could not file an appellate-ineffectiveness claim while the allegedly ineffective attorney was still representing him on direct appeal to the Ohio Supreme Court. This argument is unavailing. The state court of appeals recognized that counsel was not expected to argue her own ineffectiveness, *see State v. Lentz*, 639 N.E.2d 784, 785-86 (Ohio 1994), and tolled the clock during the period alluded to. Nonetheless, the Ohio Supreme Court's denial of leave to appeal was filed on April 19, 2000. The Rule 26(B) application was therefore due 90 days later, on July 18, 2000, *see* Ohio R. App. P. 26(B)(1), yet Edwards did not file his Rule 26(B) application until June 21, 2001 — eleven months late. He has not established cause for that additional eleven months.

Citing *White v. Schotten*, Edwards argues that he had the right to counsel in Rule 26(B) proceedings, and therefore, his direct-appeal counsel was ineffective in not telling him about (a) the issues she should have raised, but did not; and (b) the Rule 26(B) procedure for raising her ineffectiveness. This argument fails because there is no constitutional right to counsel in Rule 26(B) proceedings. *See Lopez*, 426 F.3d at 341, 352 (overruling *White*). Hence, the ineffectiveness of counsel in regard to those proceedings cannot establish cause for the delay in filing the Rule 26(B) application. *See Coleman*, 501 U.S. at 757.

As Edwards does not argue fundamental miscarriage of justice, the analysis is at an end. The second claim is procedurally barred.

The district court properly held that Claims 3-7 were procedurally barred. They were never raised in state court. Claims that petitioner could have presented to the state courts but that are now barred by state procedural rule are deemed procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986). While appellate ineffectiveness may be cited as cause to excuse that default, the

No. 04-3090

- 6 -

appellate-ineffectiveness claim must itself not be procedurally barred. *Edwards v. Carpenter*, 529

U.S. 446, 451-53 (2000). Edwards's appellate-ineffectiveness claim is barred. Therefore, the default

of Claims 3-7 is unexcused.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth

Circuit.

ENTERED BY ORDER OF THE COURT

Clerk